IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 07-CR-00035-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN ALBERTO VELEZ,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on April 5, 2007. The court has taken judicial notice of the court's file and the pretrial services report. The defendant is not contesting detention. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file.  In addition, I have considered proffer by defendant's attorney. The court further has considered the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).   Based upon the indictment, I find probable cause exists as to the charge of possession of a firearm by a prohibited person.

Second, I find that the defendant does not have steady or verifiable employment for the last two years.  Defendant has used an a/k/a of Alberto Torres in the past.  Defendant has a history of failing to comply with court orders including but not limited to five (5) prior failures to pay.  Defendant has one prior failure to appear. Defendant has familial ties to the Dominican Republic.   Defendant has a history of illicit drug use.  Defendant has no financial ties to Colorado.  Defendant has suffered seven (7) felony convictions for Third Degree Burglary, Attempted Third Degree Burglary, Third Degree Burglary, Criminal Sale of Controlled Substance, Criminal Possession of Controlled Substance with Intent to Sell, Criminal Sale of Controlled Substance, and Attempted First Degree Robbery.  All of these felony convictions took place in New York.  Defendant has had his parole revoked twice in New York.  Defendant's Colorado driver's license is suspended.  Lastly, Defendant has a pending misdemeanor case in the Denver General Sessions Court under case number 06GS16993 where he is charged with disturbing the peace.  Defendant was released on bond on this case on February 22, 2007.

Based upon these findings, I conclude, by clear and convincing evidence that the defendant is a flight risk and a danger to the community and that there is no condition or combination of conditions for release that will reasonably assure the appearance of defendant and the safety of the community. Accordingly, I order defendant detained without bond.

Done this 5th day of April 2007.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge